UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERANCE GWIN, | ) | CASE NO. 1:05 CV 857 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CLEVELAND HOUSE OF CORRECTIONS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On April 1, 2005, plaintiff pro se Terance Gwin filed the above-captioned in forma pauperis action under 42 U.S.C. § 1983 against Cleveland House of Corrections. The complaint alleges that, while plaintiff was incarcerated at the defendant institution, he was subjected to adverse conditions of confinement from November 2002 through January 2003. In particular, it is alleged that plaintiff was not given his HIV medications in a timely manner, and that he was isolated because of his HIV infection. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v.

Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Governmental entities may be deemed liable for the unconstitutional actions of agents only when those actions are the result of official policies or customs.  Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

Even liberally construed, the complaint does not contain any reasonable suggestion of a custom or policy of defendant which resulted in the deprivation of a federally protected right of plaintiff.  Further, even were a valid claim otherwise stated against defendant, it is obvious on the face of the complaint that the statute of limitations for bringing a section 1983 claim expired before plaintiff filed this action. Browning v. Pendleton, 869 F. 2d 989 (6th Cir. 1989) (Ohio's two year statute of

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986);  Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

limitations for bodily injury applies to section 1983 claims). There would thus be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. <u>Cf.</u>, <u>Thomas v. Shipka</u>, 829 F.2d 570 (6th Cir. 1987) (affirming <u>sua sponte</u> dismissal of section 1983 action filed after statute of limitations for bringing such an action had expired); <u>see also</u>, <u>Privett v. Trammell</u>, No. 85-6042, 1987 U.S. App. LEXIS 4918 (6th Cir. April 10, 1987) (affirming section 1915(d) <u>sua sponte</u> dismissal of section 1983 action because time-barred).

    Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                    <u>/s/ Patricia A. Gaughan</u>
                                    PATRICIA A. GAUGHAN
                                    UNITED STATES DISTRICT JUDGE

Dated: 5/11/05